# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

FLORIDA GAS TRANSMISSION
COMPANY, LLC,

    Plaintiff,

vs.

+/– 1.603 ACRES OF LAND IN COLUMBIA
COUNTY, FLORIDA, FREEMON NEWTON,
AS PERSONAL REPRESENTATIVE OF
THE ESTATE OF LILA GORDON NEWTON
AND ANY UNKNOWN HEIRS AND
BENEFICIARIES THERETO, et al.,

    Defendants.

Case No.
3:21-cv-229-BJD-MCR

Tract Nos:
FL-COLU-067.00

_____/

**ORDER ON AMENDED MOTION FOR FINAL SUMMARY DEFAULT JUDGMENT**

**This cause** is before the Court on Plaintiff Florida Gas Transmission Company, LLC's (FGT's) Amended Motion for Final Summary Default Judgment as to Tract FL-COLU-067.00 and Memorandum of Law in Support (Doc. 58, Amended Motion), filed on May 13, 2021. FGT seeks the entry of default judgment against the Defendant-Owners and interested parties who have defaulted. No Defendant has filed an answer, appeared, or otherwise presented any claims or defenses in this case. Upon review, the Court concludes that the Amended Motion is due to be granted.

**I.     Background**

On March 19, 2020, the Federal Energy Regulatory Commission (FERC) granted FGT a Certificate of Public Convenience and Necessity ("FERC Certificate"), which authorizes FGT to build, operate, and maintain the Putnam Expansion Project. (Doc. 1-5, FERC Certificate). The Putnam Expansion Project mainly consists of two natural gas pipeline "loops": (1) a "West Loop," which is about 13.7 miles of a 30-inch diameter pipeline running between Columbia County, Florida, and Union County, Florida, and (2) an "East Loop," which is about 7.0 miles of a 30-inch diameter pipeline running between Clay County, Florida, and Putnam County, Florida. The Project will supply natural gas to Seminole Electric Cooperative's new gas-fired generating unit, which is replacing an older coal-fired generating unit. To construct the Project in accordance with the FERC Certificate, FGT must acquire certain easements located within the jurisdiction of this Court. As part of the certification process, FGT submitted, and FERC approved, alignment sheets showing the final location of the Project. (Doc. 8, Declaration of Elizabeth Porter, ¶ 9). FGT prepared the subject easements described in Composite Exhibit 2 to the Complaint (Doc. 1-3, Comp. Ex. 2) to conform to the FERC-approved alignment sheets (Porter Decl. ¶ 10).

In March 2021, FGT filed a complaint to condemn a temporary easement on the instant tract(s) under the Natural Gas Act, 15 U.S.C. § 717f(h). (Doc. 1,

Complaint). FGT sued the land at issue, as well as the fee owners, a judgment creditor (Ford Motor Credit Company), and Unknown Owners, if any. FGT concurrently filed a Motion for Partial Summary Judgment to establish its right to condemn the subject easement(s) (Doc. 4) and a Motion for Preliminary Injunction to obtain immediate possession of the property (Doc. 5).

On July 1, 2021, the Court granted FGT's Motion for Partial Summary Judgment and Motion for Preliminary Injunction. (Doc. 62, Order). The July 1, 2021 Order established that FGT has the right to condemn the subject easement(s) under the Natural Gas Act, as well as the right to take immediate possession of the property. As security for the preliminary injunction, FGT deposited $3,800.00, or twice the appraised value of the property, into the Court's Registry. (Doc. 63, Registry Monies).

The only outstanding issue is how much compensation FGT owes for the easement(s). FGT attaches to the Amended Motion a declaration by Chad Durrance, a licensed real estate appraiser with over 30 years' experience. (Doc. 58-1, Durrance Decl.). Mr. Durrance states, under penalty of perjury, that he appraised the value of the temporary easement and determined the easement to be worth $1,900. Id. ¶¶ 6–8. Nothing in the record contradicts this valuation.

Between March 10, 2021 and March 23, 2021, FGT served the following defendants: Ford Motor Credit Company (Doc. 11), Veronica Flowers (Doc. 12), Warren Hollinger (Doc. 13), Roshanda Gordon (Doc. 15), Leo Gordon, Jr. (Doc.

17), Andrew English (Doc. 18), Augustine Blount (Doc. 19), Freemon Newton, as Personal Representative of the Estate of Lila Gordon Newton (Doc. 22), and Toynetta Jones (Doc. 20). Amended Motion at 5–6, ¶¶ 9–17. On April 9, 2021, FGT perfected service by publication on the remaining defendants under Rule 71.1(d)(3)(B), Federal Rules of Civil Procedure ("Rule(s)"), those defendants being: Unknown Owners and Beneficiaries of the Estate of Dessie L. Gordon Alexander, Harold Gordon, Unknown Heirs and Beneficiaries of the Estate of Nathaniel Gordon, Craig Blount, Everlina Gordon Reed, Christine Gordon Surles, Pearline Gordon Ferguson, Shantell Hollinger, Edward Beasley, Unknown Heirs and Beneficiaries of the Estate of Roosevelt Gordon, Francine Gordon, Sherman Vincent as sole heir of the Estate of Elouise Gordon Young, Corine Gordon Wilson, Mary Jones, and Unknown Owners, if any. (Doc. 38 & Doc. 38-1, Certificate of Proof of Service by Publication); Amended Motion at 6–7, ¶ 18. FGT filed affidavits in compliance with its obligations under the Servicemembers' Civil Relief Act (SCRA), 50 U.S.C. § 3901, et seq. (Docs. 66, 67, 68).[1]

---

[1]  FGT (or its process server) confirmed that Defendants Freemon Newton, Augustine Blount, Warren Hollinger, Roshanda Gordon, Andrew English, Leo Gordon, Jr., Toynetta Jones, and Veronica Flowers are not in military service. (Docs. 12, 13, 66). FGT stated its belief that the remaining natural-person Defendants are not in military service, but because FGT did not have a date of birth or Social Security Number for the other Defendants, it could not ascertain their military service status. (Docs. 67, 68).

   Pursuant to 50 U.S.C. § 3931(b)(3), when a defendant's military service cannot be ascertained by affidavit, the Court "may require the plaintiff to file a bond in an amount approved by the court." Here, because FGT's payment of compensation meets the appraised

Under Rule 71.1(e)(2), "[a] defendant that has an objection or defense to the taking must serve an answer within 21 days after being served with the notice." No defendant served an answer or notice of an appearance within 21 days of being served. As a result, the Clerk of Court entered clerk's defaults with respect to each defendant. (Docs. 25–27, 31–36, 41–55, Clerk's Defaults). No party has moved to set aside the Clerk's Defaults. FGT performed a diligent search for any persons who may have an interest in the property, in addition to the named Defendants, but it has identified no other such person or party. Amended Motion at 7, ¶ 19.

## II. Law

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(a). Following the entry of a clerk's default, the Court may enter a default judgment against a properly served defendant who has failed to appear or otherwise defend. Rule 55(b)(2); see also DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred

---

value and is subject to apportionment, the Court finds it unnecessary to require FGT to post a bond.

from contesting on appeal the facts thus established." Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] But "a defendant's default does not in itself warrant the court in entering a default judgment." Id. Instead, "[e]ntry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting Nishimatsu, 515 F.2d at 1206); see also Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." Surtain, 789 F.3d at 1245. That means "a court looks to see whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (internal quotation marks and alteration omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The plaintiff meets that standard when the complaint "pleads factual content that allows the court to draw the reasonable inference" that the plaintiff is entitled to relief. Id.

### III. Analysis

Under Rule 71.1, "the failure to so serve an answer constitutes consent to the taking and to the court's authority to proceed with the action to fix the compensation." Rule 71.1(d)(2)(A)(vi). Here, FGT served each Defendant

---

[2] The Eleventh Circuit Court of Appeals adopted as binding precedent all decisions issued by the Fifth Circuit prior to October 1, 1981. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

pursuant to Rule 71.1(d)(3)(A) or (B) and no Defendant served an answer or a notice of appearance within 21 days of being served. Because "[a] defendant waives all objections and defenses not stated in its answer," Rule 71.1(e)(3), each Defendant waived all objections and defenses by failing to file an answer.

Moreover, none of the Defendants served a notice of appearance under Rule 71.1(e)(1). "[A]t the trial on compensation, a defendant – whether or not it has previously appeared or answered – may present evidence on the amount of compensation to be paid and may share in the award." Rule 71.1(e)(3). Still, as of the date of this Order, no Defendant has appeared or presented any evidence about the amount of compensation.

The Court previously granted FGT immediate possession of the subject easement(s), thus concluding the issue of whether FGT has the right to condemn the property. (Doc. 62). Indeed, FGT alleged in its Complaint, and showed through affidavits and exhibits (Porter Decl.; Porter Decl. Ex. A), that (1) it holds a FERC Certificate authorizing the Putnam Expansion Project, (2) the subject easements are necessary for the Project, and (3) FGT could not acquire the easements by contract. See Transcon. Gas Pipe Line Co., LLC v. 6.04 Acres of Land, 910 F.3d 1130, 1154 (11th Cir. 2018) (setting forth the elements that the holder of a FERC Certificate must show to condemn property under the Natural Gas Act).

Thus, the only remaining issue is that of just compensation. "The burden of establishing the value of condemned land lies with [the landowner]." Columbia Gas Transmission Corp. v. Rodriguez, 551 F. Supp. 2d 460, 462 (W.D. Va. 2008) (citing United States v. Powelson, 319 U.S. 266, 273–74 (1943)). "'Market value,' rather than the value to the condemnor or the owner, is the proper measure of just compensation." Id. (citing United States v. Petty Motor Co., 327 U.S. 372, 377–78 (1946)); accord Dep't of Transp. of State of Fla. v. Nalven, 455 So. 2d 301, 307 (Fla. 1984) ("In most cases it will be necessary and sufficient to full compensation that the award constitute the fair market value of the property." (citations omitted)).[3]

The undersigned determines that FGT is entitled to a default judgment against all Defendants. In support of the Amended Motion for Default Judgment, FGT submits the affidavit of Chad Durrance, an experienced certified real estate appraiser. See Durrance Decl. Mr. Durrance states, under penalty of perjury, that he is familiar with the subject tract and that he

---

[3] This Court has ruled that the Natural Gas Act incorporates state law for measuring just compensation, which here means applying Florida's "full compensation" standard instead of federal common law. Sabal Trail Transmission, LLC v. +/– 1.127 Acres of Land, Lead Case No. 3:16-cv-263-HES-PDB, 2017 WL 2799352 (M.D. Fla. Jun. 15, 2017); see also Sabal Trail Transmission, LLC v. Real Estate, 255 F. Supp. 3d 1213 (N.D. Fla. 2017), amended to correct scrivener's error, 2017 WL 2783995 (N.D. Fla. Jun. 27, 2017).
   The main difference between Florida law and federal common law is that Florida's full compensation standard includes the right of the landowner to recover his or her attorneys' fees and reasonable expert costs, whereas federal common law does not. See Sabal Trail, 255 F. Supp. 3d at 1215. That difference is not material here because the Defendants have not incurred attorneys' fees or expert costs.

appraised the value of the subject easement(s). Id. ¶¶ 5–6. Mr. Durrance concludes, based on his appraisal and professional opinion, that the value of the subject easement(s) is $1,900. Id. ¶¶ 7–8. No Defendant has provided any evidence to contradict this valuation. Absent any appearance by a Defendant or a conflicting representation regarding valuation, the Court accepts Mr. Durrance's appraisal as evidence of the property's value. The Court finds that, for purposes of this Order, the subject easement is worth $1,900.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff FGT's Amended Motion for Final Summary Default Judgment as to Tract FL-COLU-067.00 and Memorandum of Law in Support (Doc. 58) is **GRANTED** as stated below.

2. The amount of just compensation owed is $1,900.00. Because FGT has already deposited $3,800.00 into the Court's Registry, the Clerk will remit to FGT $1,900.00 plus half the accrued interest. The Clerk will keep the remaining funds in an interest-bearing account and assess the administrative registry fee authorized by the Judicial Conference of the United States. Under 28 U.S.C. § 2042, such funds will remain available in the Court's Registry for at least **five years**. Any funds that remain unclaimed after such time will be deposited with the United States Treasury in the name and to the credit of the United States. After that, "[a]ny claimant entitled to any such money may, on petition to the court

and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042.

3. The Court reserves jurisdiction to address any claim to funds that are deposited in the Court's Registry.

4. The Clerk shall enter a Final Default Judgment providing that ownership and title of the easement rights related to Parcel FL-COLU-067.00, as defined in the Notice of Condemnation (Doc. 2), will vest in Florida Gas Transmission Company. The Clerk shall close the case.

**DONE AND ORDERED** in Jacksonville, Florida this 28th day of January, 2022.

/s/ Marcia Morales Howard
MARCIA MORALES HOWARD
United States District Judge

lc 19
Copies to:

The Honorable Brian J. Davis
Counsel and parties of record